IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNNY FLORES, ARIEL GOMEZ, and DERRICK LEWIS, for themselves and other similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 1:20-cv-01128 |
| v. | )<br>) Judge Charles R. Norgle, Sr. |
| MOTOROLA SOLUTIONS, INC. and VIGILANT SOLUTIONS, LLC | )<br>) Magistrate Judge Jeffrey I. Cummings<br>) |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs Johnny Flores, Ariel Gomez, and Derrick Lewis ("Plaintiffs"), by their attorneys, move for leave to file a Second Amended Complaint in order to: (1) substitute Irene Simmons and Rodell Sanders (the "Substitute Plaintiffs") for the currently-named Plaintiffs and modify related allegations; and (2) remove allegations related to Plaintiffs' previously-dismissed claim. In support of this motion, Plaintiffs state as follows:

**INTRODUCTION**

This is a straightforward case. In violation of Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, Defendants Motorola Solutions, Inc. and Vigilant Solutions, LLC (collectively, "Defendants") collected, captured, obtained, disclosed, redisclosed, disseminated and profited from the sensitive biometric data of Plaintiffs and putative class members. Defendants obtained the biometric data from booking photos – *i.e.*, mugshots. At issue are the specific mugshots from which Defendants unlawfully obtained and used Plaintiffs' and class members' biometric data.

1

Seemingly unable to defend against the actual issues, Defendants have sought to harass, intimidate and embarrass Plaintiffs by transforming this case into one about Plaintiffs' criminal history, wrongful conviction/civil rights litigation and overall online activities and presence. These improper discovery tactics forced Plaintiffs to seek a protective order from the Court. *See* Dkt. 50.

Because of the above-described tactics, Plaintiffs, who have pending litigation related to their wrongful convictions, no longer wish to act as class representatives in this case. As such, plaintiffs' counsel seek leave to file a Second Amended Class Action Complaint (the "Second Amended Complaint") that merely substitutes new proposed class representatives for the existing ones and removes allegations related to a count the Court previously dismissed.

Good cause exists for filing the proposed Second Amended Complaint because: (1) the alleged claims seek to hold Defendants accountable for their egregious invasions of the privacy of tens of thousands of Illinois citizens; and (2) judicial economy favors the proposed amendment. Moreover, because the case is in the fact discovery stage and Defendants have yet to produce basic information, such as the photos of Plaintiffs from which they unlawfully obtained their biometric data, the proposed amendment will not delay the case.

## FACTUAL AND PROCEDURAL BACKGROUND

*Nature of the Action*

On February 14 and 18, 2021, Plaintiffs respectively filed their Class Action Complaint and First Amended Class Action Complaint. Dkt. 1, 6. The operative complaint alleges that Defendants unlawfully obtained and used the sensitive and protected biometric data of Plaintiffs and class members, which biometric data Defendants obtained from mugshots. Dkt. 6 ¶¶ 4-5, 31-34, 37-38, 40-42. Thus, at the heart of the case are: (1) the mugshots from which Defendants unlawfully obtained the biometric data of Plaintiffs and class members; and (2) the way in which

2

Defendants unlawfully used the unlawfully obtained biometric data for profit and to unjustly enrich themselves. Notably, Defendants already have the information at issue.

The operative complaint alleges various violations of BIPA and unjust enrichment. *See* Dkt. 6. On June 17, 2020, Defendants moved to dismiss the operative complaint. Dkt. 24. On January 8, 2021, this Court denied the motion as to every contested issue (Plaintiffs did not contest dismissal of Count One). Dkt. 33. In the same Order, the Court opened fact discovery. *See id.* at 1. Plaintiffs have not yet moved for class certification, and no dispositive motions have been filed.

***Discovery***

Fact discovery is ongoing. On February 12, 2021, Plaintiffs served interrogatories[1], requests for production and requests for admission on Defendants. Defendants responded to the requests for admission on March 15, 2021 but did not respond to the other written discovery until April 21, 2021. Defendants' discovery responses are severely deficient (even after serving supplemental responses), and Plaintiffs are in the process of preparing a motion to compel. To date, Defendants have failed to produce: (1) the mugshots of Plaintiffs (or anyone else) from which Defendants unlawfully obtained Plaintiffs' and class members' biometric data; or (2) the biometric data of Plaintiffs or any class member. This information is indisputably relevant and central to the issues in the case. Moreover, Defendants have failed to provide any meaningful information about the genesis and creation of various biometric commercial products containing the biometric data of Plaintiffs and others, even though that information directly relates to Defendants' primary defense that it engaged in all of the challenged conduct when working for a state agency or local unit government as a contractor, subcontractor or agent. *See* Dkt. 37 (Def. Ans. And Aff. Defenses) at 31.

---

[1] The interrogatories were served by Plaintiff Flores.

While withholding the mugshots and biometric data on which this case is premised, on May 24, 2021 – over five months after discovery opened – Defendants served discovery that seeks sweeping information about Plaintiffs' online activities and presence, criminal histories and pending litigation. *See* Dkt. 50 (Plaintiffs' Motion for Protective Order). The discovery pays no regard to whether the information sought is connected in any way to the mugshots Defendants already possess and from which they unlawfully obtained Plaintiffs' protected biometric data. Rather, it is designed to harass, embarrass and intimidate Plaintiffs. *See id.* Plaintiffs objected to the improper discovery requests and discussed the objections with Defendants.[2] On September 8, 2021, after serving their improper written discovery and fully aware of Plaintiffs' objections to Defendants' improper discovery tactics, Defendants issued notices of deposition for each Plaintiff. On September 15, 2021, Plaintiffs moved for a protective order with respect to Defendants' discovery requests and deposition notices.[3] *See id.* The depositions have not gone forward.

***The Proposed Second Amended Complaint***

Plaintiffs currently have pending litigation related to their wrongful convictions – namely: (1) *People v. Flores*, 90 CR 10007 (Circuit Court of Cook County, Criminal Division); (2) *Gomez v. Guevara, et al*, No. 1:18-cv-03335 (N.D. Ill.) (Kocoras, J.)*;* and (3) *Lewis v. City of Chicago, et al.*, No. 1:19-cv-03320 (N.D. Ill.) (Alonso, J.). Given the other pending litigation and the improper nature of Defendants' discovery requests, they no longer wish to serve as class representatives.[4] As this is a putative class action, Plaintiffs' claims are not unique and the

---

[2] At the Court's request, Plaintiffs will provide any or all documentation underlying the discovery issues. Because this is not a discovery motion and to reduce the burden on the Court, Plaintiffs have not attached all of the documentation as exhibits.

[3] Before Plaintiffs filed their motion for a protective order, Defendants rushed to the courthouse and filed a motion to compel on September 14, 2021. Dkt. 48.

[4] Plaintiffs Gomez and Lewis are represented in their civil rights litigation by lawyers from Loevy & Loevy. Plaintiff Flores is represented in his post-conviction proceeding by lawyers from the Exoneration Project who also work for Loevy & Loevy.

4

Substitute Plaintiffs are willing to serve as named plaintiffs and class representatives in this matter. They do not have pending wrongful conviction/civil rights litigation.

On October 8, 2021, after the Substitute Plaintiffs agreed to serve as class representatives, Plaintiffs' counsel informed defense counsel that they intended to file a Second Amended Complaint that would add new plaintiffs and withdraw the existing plaintiffs. Plaintiffs' counsel provided defense counsel with a copy of the proposed Second Amended Complaint, which is attached hereto as Exhibit 1.[5] The proposed Second Amended Complaint merely seeks to substitute the Substitute Plaintiffs for the currently-named Plaintiffs (and amend related allegations to account for the substitution) and remove allegations related to the count the Court previously dismissed. *See* Exhibit 1 (proposed Second Am. Class Action Compl.). The proposed Second Amended Complaint does not change the alleged claims or make new allegations, outside of those allegations directly related to the Substitute Plaintiffs. *See id.*

***Plaintiffs' Efforts to Obtain Defendants' Agreement***

When Plaintiffs notified defense counsel about the proposed Second Amended Complaint, they also inquired into whether defense counsel had any objection to the proposal. Unfortunately, defense counsel sought to attach objectionable strings to any agreement. For instance, defense counsel's initial demand was for $50,000 in legal fees in connection with Plaintiffs' proposal. Later demands from Defendants included, *inter alia*: (1) requiring the existing Plaintiffs to dismiss their valid claims with prejudice, thus putting them in a worse position than all other unnamed class members; (2) requiring Plaintiffs to be made available for depositions, even after the substitution; and/or (3) requiring Plaintiffs to dismiss their unjust enrichment claim (even though Defendants failed to obtain that result through their motion to dismiss).

---

[5] Exhibit 1 is identical to the copy sent to defense counsel except for the insertion of Magistrate Judge Cummings's name in the caption.

5

Hoping to avoid litigating this issue, Plaintiffs sought to reach a mutually-agreeable resolution. In the end, defense counsel was not willing to forego their punitive and legally unsupportable demands. Meanwhile, defense counsel is using the delay that they interjected through their unfair demands to claim that a trial in early 2022 is no longer feasible. *See* Dkt. 54 (Joint Status Report) at 1-2.

## ARGUMENT

**I.  Legal Standards.**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a plaintiff may amend a complaint with leave of court, which should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 directs courts to grant such leave absent a specific ground for denying it, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendments." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008) (error to deny leave to amend without specific justification). As the Supreme Court has held, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman*, 371 U.S. at 182 (citing Fed. R. Civ. P. 15(a)). "Substitution of unnamed class members for named plaintiffs . . . is a common and normally an unexceptional ('routine') feature of class action litigation both in the federal courts and in the Illinois courts." *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006); *see also Lavender v. Driveline Retail Merch., Inc.*, No. 3:18-CV-2097, 2019 WL 4237848, at *2 (C.D. Ill. Sept. 6, 2019) (allowing withdrawal and substitution of proposed class representative via Rule 15 amendment).

**II.     Justice Requires that Plaintiffs Be Granted Leave to File the Proposed Second Amended Complaint.**

Justice requires that Plaintiffs be granted leave to file their Second Amended Complaint. Plaintiffs have alleged legally cognizable claims against Defendants (*see* Dkt. 33 (order on motion to dismiss)) arising out Defendants' egregious violations of the privacy rights of Plaintiffs and tens of thousands of putative class members. Merely because the currently-named Plaintiffs no longer wish to serve as class representatives should not result in Defendants not having to litigate this case. This is especially true given that: (1) Defendants' improper discovery tactics prompted the requested substitution; and (2) two other putative class members are prepared to substitute in as named plaintiffs. On these facts, it would be manifestly unjust to prejudice the tens of thousands of putative class members by forcing this case to be dismissed, only to then be refiled.

As the Seventh Circuit has held regarding the addition of a new named plaintiff prior to class certification, the "larger purposes of Rule 23" require that unnamed class representatives be able to join a putative class action as representatives via an amended complaint. *In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 615 (7th Cir. 2020). Although the issue before the court in *Allstate* was specifically whether or not such an amendment relates back to the original complaint (it does), the court's logic applies with equal force here: failing to allow amendment "would commit the fate of class claims inexorably to the initial class representative, regardless of issues that might arise concerning the initial representative's ability or willingness to continue serving in that role." *Id.* In order to avoid such an unjust result, the Court should grant leave to file the Second Amended Class Action Complaint.

This conclusion is underscored by the absence of any factor weighing in favor of denying leave – *i.e.*, there are no issues of "undue delay, bad faith or dilatory motive on the part of

7

[Plaintiffs], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendments, etc." *See Foman*, 371 U.S. at 182. First, there is no issue of undue delay. The parties presently are pursuing written fact discovery, and the case was recently referred to Magistrate Judge Cummings for a Rule 16 pretrial conference and Rule 26(f) discovery conference, among other pretrial matters. *See* Dkt. 56. No depositions have been taken and no dispositive or class certification motions have been filed. Further, the parties have discussed the possibility of the existing discovery requests/responses applying to the Substitute Plaintiffs. In short, the proposed Second Amended Complaint will not delay, much less unduly delay, this litigation.

Second, "bad faith" and/or "dilatory motive" are not at issue. As discussed throughout, Defendants' improper discovery strategy prompted the need for the requested substitution.

Third, Plaintiffs do not seek leave to cure a deficiency with the existing complaint nor have they done so in the past. Fourth, and relatedly, the proposed amendment would not be futile as it seeks to substitute in individuals who wish to serve as class representatives.

Finally, the proposed Second Amended Complaint will not unduly prejudice Defendants. Defendants cannot credibly claim undue prejudice when their own improper conduct prompted the need for the proposed amended complaint. Further, given that substitution of proposed class representatives is often allowed even post-certification – *i.e.*, after a defendant has devoted much more time to defending the case – no credible claim can be made that substitution at this early stage would not entail undue prejudice. *See, e.g., Whitlock v. Johnson*, 153 F.3d 380, 383-84 (7th Cir. 1998). If anything, the proposed substitution saves Defendants from expending time and effort to show any inadequacy of the existing Plaintiffs at the class certification stage only to face a later motion to substitute in accordance with procedures approved by the Seventh Circuit. *See*

*id.* Moreover, the proposed amended complaint would not impact: (1) Defendants' asserted defenses; or (2) discovery related to the claims and defenses in this case. Indeed, the parties have discussed, and Plaintiffs have no objection to, the existing written discovery being applicable to the Substitute Plaintiffs once they are added formally as parties via substitution. Should Defendants choose to move forward with their motion to compel – having been advised of the improprieties of many of their discovery requests and after the Substitute Plaintiffs have an opportunity to amend/supplement plaintiff-specific discovery requests – the decision to do so would not be a basis for claiming undue prejudice. Defendants may continue to pursue the motion, much of which will be addressed via Plaintiffs' Motion for Protective Order.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant them leave to file their proposed Second Amended Class Action Complaint to allow for the substitution of the Substitute Plaintiffs for the currently-named Plaintiffs.

Dated: December 1, 2021

        Respectfully submitted,
        JOHNNY FLORES, ARIEL GOMEZ and
        DERRICK LEWIS

By:  /s/ Andrew C. Miller
      ANDREW C. MILLER
      *One of Plaintiffs' Attorneys*

Michael Kanovitz
Scott R. Drury
Andrew C. Miller
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900
mike@loevy.com
drury@loevy.com
miller@loevy.com

## **CERTIFICATE OF SERVICE**

  I, Andrew C. Miller, an attorney, hereby certify that, on December 1, 2021, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

                /s/ Andrew C. Miller
                ANDREW C. MILLER